IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT FERLIC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:14-cv-2182 |
| | § | |
| GC SERVICES LIMITED PARTNERSHIP, | § | |
| | § | |
| Defendant. | § | |

## **PLAINTIFF'S COMPLAINT**

ROBERT FERLIC ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., alleges the following against GC SERVICES LIMITED PARTNERSHIP ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on Texas Statute, Finance Code, § 392.302 *et seq*. ("Texas Finance Code").

3. Count III of Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

### JURISDICTION and VENUE

4. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Defendant conducts business and is located in the State of Texas thereby establishing personal jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person residing in Meridian, Idaho.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Texas Finance Code § 392.001(1).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Texas Finance Code § 392.001(2).

10. Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas 77081.

11. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Texas Finance Code § 392.001(6).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Defendant has been assigned an account from a third party to collect monies from Plaintiff which is believed to be owed and past due ("debt").

14. The alleged debt arises from transactions on an American Express credit card, which was used for personal purposes.

15. In connection with its attempts to collect the alleged debt, Defendant has sent written correspondence ("collection letters") and, starting around April 2013, placed telephone calls ("collection calls") to Plaintiff on his cellular telephone, at telephone number (208) 921-90xx.

16. Defendant also placed telephone calls to Plaintiff's mother.

17. In or around May 2013, Plaintiff called Defendant and left a message, informing Defendant that it had his correct telephone number and not to call his mother.

18. When Plaintiff is unable to answer his telephone, callers are given an opportunity to record a message ("voicemail") for Plaintiff.

19. Defendant placed a collection call to Plaintiff which he was not able to answer, and Defendant recorded a message for Plaintiff on his voicemail.

20. Defendant's voicemail for Plaintiff stated:

> This message is for Robert Ferlic, this is Eva Soto with GC Services, please call me at 800-846-6406, extension 5716. Thank you.

21. Defendant's voicemail failed to inform Plaintiff that Defendant, or its employee, was a debt collector.

22. Defendant's voicemail withheld the true nature of its call, to collect a debt, in order to deceive Plaintiff into calling Defendant and obtain payments directly.

23. In or around June 2013, Plaintiff answered one of Defendant's collection calls and spoke with Defendant's employee, Eva Soto, and Plaintiff again informed Defendant that his cellular telephone number is a good number to reach him.

24. Plaintiff also informed Defendant that he was working with a company regarding his debt, and Defendant made an attempt to collect from Plaintiff.

25. Approximately a week after the aforementioned conversation, Plaintiff called Defendant and left another message providing the contact information for his representative.

26. Defendant used deceptive representations in connection with its attempts to collect the alleged debt not disclosing that the purpose of its phone calls and messages were about a debt

that it was trying to collect and by not disclosing that it is a debt collector in its messages to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt;

   b. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its message that it was a debt collector.

WHEREFORE, Plaintiff, ROBERT FERLIC, respectfully requests judgment to be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

28. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

29. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

30. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED
## THE TEXAS FINANCE CODE

31. Defendant violated Texas Finance Code based on, but not limited to, the following:

   a. Defendant violated § 392.304(a)(5) of the Finance Code by communicating with Plaintiff without disclosing that the communication was in an attempt to collect a debt.

WHEREFORE, Plaintiff, ROBERT FERLIC, respectfully requests judgment to be

4

entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

32. Injunctive relief pursuant to Texas Finance Code § 392.403(a)(1), to prevent Defendant from further violating the Texas Finance Code;

33. Costs and reasonable attorneys' fees pursuant to Texas Finance Code § 392.403(b); and

34. Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: July 29, 2014    By: /s/ Ryan Lee
　　　　　　　　　　　　　　Ryan Lee
　　　　　　　　　　　　　　Krohn & Moss, Ltd.
　　　　　　　　　　　　　　10474 Santa Monica Blvd., Suite 405
　　　　　　　　　　　　　　Los Angeles, CA 90025
　　　　　　　　　　　　　　Tel: 323-988-2400 x241
　　　　　　　　　　　　　　Fax: 866-861-1390
　　　　　　　　　　　　　　rlee@consumerlawcenter.com

　　　　　　　　　　　　　　Adam T. Hill
　　　　　　　　　　　　　　Krohn & Moss, Ltd.
　　　　　　　　　　　　　　10 N. Dearborn St., 3rd Fl.
　　　　　　　　　　　　　　Chicago, IL 60602
　　　　　　　　　　　　　　Tel: 312-575-9428 x242
　　　　　　　　　　　　　　Fax: 866-861-1390
　　　　　　　　　　　　　　ahill@consumerlawcenter.com

　　　　　　　　　　　　　　*Attorneys for Plaintiff*